UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY SANDS,

            Petitioner,

                                        Case No. 2:16-cv-13128

v.                                      HONORABLE STEPHEN J. MURPHY, III

PAUL KLEE,

            Respondent.

_____/

**OPINION AND ORDER DISMISSING**
**THE PETITION FOR A WRIT OF HABEAS CORPUS**
(document no. 1)**, DENYING A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Gregory Lamar Sands ("Sands") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a state criminal probationary sentence. Pet., ECF No. 1.

**BACKGROUND**

Sands was convicted of fourth-degree criminal sexual conduct (force or coercion), Mich. Comp. Laws § 750.520e(1)(a), pursuant to a plea in the Wayne County Circuit Court in 2014. *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=204581.   He   was sentenced to a probationary term. *Id.* Additionally, Sands has been convicted of several other felonies in the state courts and is currently serving sentences of 5 to 10 years imprisonment for assault with intent to rob while armed, and 2 ½ to 20 years imprisonment for first-degree home invasion. *Id.*

In his petition, Sands asserts that earlier this year the state court improperly

increased his probationary sentence from two years to four years in violation of his rights. ECF No. 1. He asks the Court to vacate his probationary sentence or to deem it completed. *Id.* For the reasons stated, the Court dismisses without prejudice Sands's petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

### STANDARD OF REVIEW

A state prisoner filing a federal habeas petition must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134–35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

2

**DISCUSSION**

The record before the Court indicates that Sands has not fully exhausted his habeas claims in the state courts before seeking federal habeas review. Although Sands alleges that he has exhausted all available state remedies, he fails to support that allegation. Moreover, the Court's review of state-court records reveals that Sands filed a motion for relief from judgment with the state trial court and was denied relief on June 9, 2016. *See People v. Sands*, Wayne Co. Cir. Ct. Register of Actions, Case No. 14-001279-01-FH. There is no indication that he has appealed that decision to the Michigan Court of Appeals or the Michigan Supreme Court (or that they have ruled on any such cases). Sands thus fails to show that he has properly exhausted his habeas claims in the state courts before seeking review in federal court.

Sands has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a delayed application for leave to appeal with the Michigan Court of Appeals, *see* Mich. Ct. R. 7.205(G)(3) (providing six-month time frame for filing a late application for leave to appeal), and then seek leave to appeal with the Michigan Supreme Court. If he is barred from such an appeal, he may also file a complaint for a writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. Laws § 600.4301 *et seq.*, Mich. Ct. R. 3.303; *Ryan v. Department of Corr.*, 259 Mich. App. 26, 29 (2003) (prisoner brought habeas complaint alleging that he was being held beyond legal limit of combined, consecutive sentences); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779 (1985) (habeas complaint can be used to review parole revocation decision); *Cross v. Department of Corr.*, 103 Mich. App. 409, 414–15 (1981) (prisoner allowed to proceed on habeas complaint alleging that he had

3

served full prison term) (overruled in part on other grounds); *see also Caley v. Hudson*, 759 F. Supp. 378, 380–81 (E.D. Mich. 1991).

Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original habeas complaint with the Michigan Court of Appeals. *Triplett*, 142 Mich. App. at 779-80. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301. There is no time limit for filing a state habeas complaint as long as the prisoner is in custody when the judgment becomes effective. *Triplett*, 142 Mich. App. at 779.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances:" when the one-year statute of limitations applicable to federal habeas actions poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless."  *Id.* at 277.

A stay is unwarranted here.  First, Sands does not request a stay nor assert that his circumstances justify a stay. *See* ECF No. 1. Second, the record indicates that all of his habeas claims are unexhausted and the Court cannot stay a habeas petition containing all unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14–CV–13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06–CV–15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) ("a stay of

petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to petition containing only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) (same); *McDonald v. Bell*, No. 1:06–cv–406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (same).

## CONCLUSION

For the reasons stated, the Court concludes that Sands fails to show that he properly exhausted his habeas claims in the state courts before filing this action, that he must do so before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court will dismiss without prejudice the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Sands's claims.

Before Sands may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling.

Accordingly, the Court will deny a certificate of appealability. The Court also will deny leave to proceed in forma pauperis on appeal, as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Sand's Petition for Writ of Habeas Corpus (document no. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner is **DENIED** leave to proceed in forma pauperis.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 16, 2016


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager